FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Simple Signman Systems, Inc.,
a Florida corporation,

        Plaintiff,

v.

MENDEL HERSHKOP, an individual,
CHAYA HERSHKOP, an individual,
DEVRA PARTY CORP., a New York
corporation, CROWN DISPLAY, INC.,
a Pennsylvania corporation, and FACTORY
DIRECT PARTY an unincorporated business,

        Defendants.

_____/

CASE NO.: 3:15-CY-178-J-20MP

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
## AND DEMAND FOR JURY TRIAL

Plaintiff Simple Signman Systems, Inc., by and through its undersigned counsel, sues Defendants Mendel Hershkop, Chaya Hershkop, Devra Party Corp., Crown Display, Inc., and Factory Direct Party and alleges as follows:

### PARTIES

1.    Plaintiff Simple Signman Systems, Inc. ("Simple Signman") is a Florida corporation with its principal place of business located at 8948 Western Way, Suite 20, Jacksonville, Florida 32256, Jacksonville, Florida.

2.    Defendant Mendel Hershkop is an individual who, upon information and belief, is a Pennsylvania resident and has an office located at Rear 144 Eley Street, Kingston, Pennsylvania 18704.

3.    Defendant Chaya Hershkop is an individual who, upon information and belief, is

a Pennsylvania resident and has an office located at Rear 144 Eley Street, Kingston, Pennsylvania 18704.

4.      Defendant Devra Party Corp. ("Devra Party"), a New York corporation having an office located at 4343 G Street, Philadelphia, Pennsylvania 19124.

5.      Defendant Crown Display, Inc. ("Crown Display") is a Pennsylvania corporation having an office located at 50 Ann Street, West-Pittston, Pennsylvania 18643.

6.      Upon information and belief, Defendant Factory Direct Party is an unincorporated business owned and operated by Defendants Mendel Hershkop and Chaya Hershkop and having an office located at 50 Ann Street, West-Pittston, Pennsylvania 18643.

7.      Collectively, Defendants Mendel Hershkop and Chaya Hershkop are referred to as the "Hershkop Defendants."

**JURISDICTION AND VENUE**

8.      This is an action for injunctive relief and damages from copyright infringement arising under the Copyright Act of 1976 (17 U.S.C. § 101, et seq., as amended) and for breach of contract.

9.      This Court has jurisdiction over the subject matter of this action pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).  This Court also has supplemental jurisdiction over Simple Signman's state law claims pursuant to 28 U.S.C. § 1367(a), in that Simple Signman's claims arise out of a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.  This Court has personal jurisdiction over each of the Defendants, and venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(c) and 1400(a), because: (a) the Defendants transact business in this District, (b) the Defendants sell and/or offer

-2-

for sale their products, including the infringing products at issue in this lawsuit, to customers located within this District and Division, (c) the Defendants maintain one or more electronic commerce websites directed towards customers located in this District and Division, and (d) upon information and belief, the Hershkops, as the owners and operators of Devra Group Corp., Crown Display, Inc. and the unincorporated business Factory Direct Party, directed those incorporated entities, and as the owners and operators of the unincorporated entity Factory Direct Party, directed and did in fact personally sell and offer for sale products, including the infringing products at issue in this lawsuit, in this District and Division.

## FACTUAL BACKGROUND

### Plaintiff Simple Signman and its Copyrighted Works

10.     Since 1964, Plaintiff Simple Signman has been in the business of providing unique and artistic merchandising displays and seasonal, holiday and event displays and decorations. Their product lines include honeycomb tissue decorations, metallic decorations, pennants, corrugated display wrap, merchandising display accessories and shelf edge merchandising. Plaintiff sells its seasonal, holiday and event displays and decoration to retail outlets such as supermarkets and party stores.

11.     Simple Signman's business has grown and acquired a prestigious reputation in the industry by providing the highest level of customer service and quality products for more than 50 years. When designing and manufacturing its products, Simple Signman's personnel carefully select the materials, manufacturing processes, designs and other variables that distinguish its works from those of its competitors.

12.     Simple Signman is headquartered in Jacksonville, Florida.

13.     Simple Signman's product designs are original works of authorship entitled to

protection under the Copyright Act of 1976.  Pertinent to this case, Simple Signman is the owner of the following original works of authorship (collectively, the "Works") that have been registered with the United States Copyright Office (collectively, the "Registrations"):

| Registration No. | Title of Work |
| --- | --- |
| VAu 439-802 | Valentine Heart w/ Bow (4843-07) |
| VAu 437-351 | Honeycomb Barbecue Grill #5265-07 |
| VA 785-918 | Black Cat and Ghost |
| VA 785-915 | Thanksgiving Turkey with Pumpkins |
| VAu 439-797 | Hoppity Bunny (5516-99) |
| VA 785-818 | Bunny with Egg |
| VA 813-685 | Hearts & Ribbons |
| VAu 474-952 | Flower Box Fan, #07188-081 |
| VAu 402-468 | Penguin Face |

14.    Copies of each of the certificates for the Registrations are attached hereto as Exhibit A.

15.    The Works are incorporated into themed and event paper decorations and sold by Simple Signman to its retail outlet customers.

**The Ordering Process for Manufacture of Simple Signman's Products**

16.    Simple Signman relies upon third party manufacturers, such as Devra Party, to produce their products.  Simple Signman engaged Defendant Devra Party to manufacture a number of its Simple Signman's products, including products that incorporated the Works (the "Copyrighted Products").  For approximately thirteen years, Simple Signman and Devra Party engaged in a course of dealing, whereby Simple Signman's representatives would communicate with Devra Party's representatives via telephone or e-mail to coordinate product orders.  Simple Signman would issue purchase orders to Devra Party identifying Copyrighted Products for

manufacture and purchase that set forth the item, description quantity, and pricing. Devra Party would accept those purchase orders and fill them by manufacturing and shipping the Copyrighted Products to Simple Signman or its designee (the "Ordering Process"). As part of the Ordering Process, Devra Party would fill the orders and receive payment within ten days from the date Devra Party placed the manufactured Copyrighted Products in the possession of a shipping carrier.

17.     Using the Ordering Process, Simple Signman placed orders for, purchased and received shipment of Copyrighted Products.

18.     The Works contain wholly original materials constituting copyrightable subject matter under the Copyright Act of 1976. Simple Signman has been and continues to be the sole and exclusive owner of all copyright rights associated with the Works and is the owner of the Registrations.

**The Defendants**

19.     Defendant Devra Party is a manufacturer of party products and supplies and manufactures those products for sale by its affiliates and for third parties under private label.

20.     Upon information and belief, the Hershkop Defendants are the owners, officers and operators of Defendant Devra Party. Defendant Chaya Hershkop is one of Simple Signman's contacts at Defendant Devra Party.

21.     Upon information and belief, Defendant Factory Direct Party is an unincorporated business that is owned and operated by the Hershkop Defendants in their individual capacities. Defendant Factory Direct Party operates an on-line electronic commerce retail website, located at www.factorydirectparty.com, where it sells party supplies and products to retail customers (the "Factory Direct Party Website"). Via the Factory Direct Party website, visitors to the site may

view the products, place on-line orders and make on-line payments.

22.     Upon information and belief, the Hershkop Defendants are the owners and operators of Defendant Factory Direct Party.

**The Infringing Conduct**

23.     In or about June of 2014, Simple Signman's representatives discovered that its Copyrighted Products were listed and offered for sale on the Factory Direct Party Website. This website included images of the Copyrighted Products, pricing and the ability to place on-line orders. The website's images for the Copyrighted Products appeared identical to those same products that were manufactured by Defendant Devra Party for Simple Signman.

24.     Upon observing the Copyrighted Products for sale on the Factory Direct Party Website, Simple Signman placed on-line orders for the products so they could be inspected and compared to the Copyrighted Products and the Works. Simple Signman's on-line orders were fulfilled and shipped by Defendant Factory Direct Party to Jacksonville, Florida (the "Ordered Products").

25.     An inspection of the Ordered Products revealed that not only were they identical in appearance to the Copyrighted Products that Defendant Devra Party manufactured and sold to Simple Signman, but the Ordered Products even included Simple Signman's company name and phone number. In other words, when Defendant Devra Party was filling Simple Signman's orders for the Copyrighted Products, it manufactured additional Copyrighted Products without Simple Signman's knowledge or authorization for sale through Defendant Factory Direct Party and its Factory Direct Party Website.

26.     In November of 2014, Simple Signman was contacted via telephone by Defendant Crown Display. Crown Display's representative advised Simple Signman that it possessed a

number of Simple Signman's products that incorporate the Works, and was interested in selling those products to Simple Signman. Simple Signman advised Crown Display's representative that those products contained Simple Signman's copyrighted Works and could not be reproduced without Simple Signman's approval. At no time has Simple Signman authorized Crown Display, any of the Defendants or any other person or business to copy, use or commercialize any of its Works.

27.    Following the call, Simple Signman conducted on-line research and discovered that Defendant Crown Display shares the same address as Defendant Factory Direct Party. Both businesses are located at 50 Ann Street, West-Pittston, Pennsylvania 18643.

28.    Upon learning of the affiliation between Defendants Crown Display and Factory Direct, Simple Signman contacted Defendant Chaya Hershkop and inquired about that relationship and Defendant Crown Display's sale of products containing Simple Signman's copyrighted Works. Defendant Chaya Hershkop evaded answering those questions and simple stated the companies were "no longer affiliated."

29.    At all material times, the Hershkop Defendants had and continue to have a direct financial interest in the infringing activities identified in this Complaint and had and have the right or ability to supervise or control those infringing acts. The Hershkop Defendants are the dominant influence in Defendants Devra Party, Crown Display and Factory Direct Party, who through their positions can control the acts of those businesses and entities.

30.    By acquiring, reproducing, distributing, creating derivative works of and publicly displaying the Works in violation of 17 U.S.C. § 501, the Defendants' creation and use of its products, including the Ordered Products, constitute an infringement of Simple Signman's copyrights in the Works. More specifically, the Defendants have committed at least the

following unlawful acts in violation of the Copyright Act of 1976 (the "Infringing Acts"):

    (a)    Incorporating still frame images of the Works and Copyrighted Products onto the Factory Direct Party Website and products;

    (b)    Reproducing the Works for purposes of use on the Factory Direct Party Website and in connection with products;

    (c)    Modifying the Works to a form necessary for use on the Factory Direct Party Website;

    (d)    Publicly distributing the Works via the Internet and through sales of products incorporating the Works; and,

    (e)    Publicly displaying the Works in the form of sold product and via the Factory Direct Party Website.

31.    As of the date of the filing of this lawsuit, the Works continue to appear on the Factory Direct Party Website and are offered for sale.

32.    Simple Signman has never granted any of the Defendants the express or implied consent to use the Works in any manner.

33.    The Defendants either directly engaged in the Infringing Acts or directed others to undertake the Infringing Acts and create the images for use on the Factory Direct Party Website and incorporation into the products for sale to third parties. The Hershkop Defendants authorized and expressly directed Defendants Devra Party, Factory Direct Party and Crown Display to engage in the Infringing Acts. Additionally, the Hershkop Defendants reviewed and expressly approved the infringing uses of the Works by the other Defendants.

34.    Defendants' above-described conduct constituted and continues to constitute a willful infringement of Simple Signman's copyrights in the Works within the meaning of 17 U.S.C. § 504(c)(2).

35.    By reason of the foregoing facts, Simple Signman is entitled to injunctive and monetary relief pursuant to 17 U.S.C. §§ 502 through 505.

-8-

36.     Because of Defendants' wrongful and improper activities, Simple Signman has been and continues to be irreparably harmed and damaged, for which it has no adequate remedy at law, which includes, without limitation, harm to the value of Simple Signman's exclusive right to the copyrights in and to the Works to the exclusion of all others. Defendants are also irreparably harming the ability of Simple Signman to maintain its relationships with its existing customers that have received rights to use the Works.

37.     Simple Signman is likely to succeed on the merits of its claims. Any harm to Defendants if injunctive relief is granted would be outweighed by the harm that would result to Simple Signman if injunctive relief is not granted. The public interest in preventing the unlawful use and misappropriation of another's creative works would be served by the granting of injunctive relief.

38.     Plaintiff Simple Signman has obligated itself to pay reasonable attorneys' fees to the undersigned attorneys.

39.     All conditions precedent to bringing this action have been satisfied, occurred or been waived.

**COUNT I**
**Federal Copyright Infringement**
**(against all Defendants)**

40.     Plaintiff Simple Signman repeats and re-alleges the averments contained in paragraphs 1 through 39 above as though fully set forth herein.

41.     The Defendants' conduct described above constitutes copyright infringement of Simple Signman copyrights in the Works, in violation of the Copyright Act of 1976.

42.     The Defendants' actions have proximately caused harm to Simple Signman. Additionally, by violating Plaintiff Simple Signman's exclusive rights in the copyrights to the

-9-

Works, Simple Signman has been irreparably harmed.

43.     Simple Signman will continue to suffer irreparable harm unless Defendants are restrained from committing further acts of copyright infringement.

44.     Because Defendants acted willfully and maliciously in total disregard of Simple Signman's rights, Defendants are liable to Simple Signman for statutory damages in the amount of up to $150,000 for each of Works infringed as provided by 17 U.S.C. § 504(c).

WHEREFORE, Plaintiff Simple Signman Systems, Inc. prays this Court to grant the following relief against each of the Defendants jointly and severally:

(a)     Declaring that Plaintiff Simple Signman is the owner of the entire right, title, and interest in and to Works and the associated copyrights therefore;

(b)     Declaring that Plaintiff Simple Signman's copyright rights in the Works are valid, enforceable, and have been infringed by the Defendants;

(c)     A preliminary injunction, and upon final hearing a permanent injunction, enjoining Defendants and each of their directors, officers, agents, servants, employees, subsidiaries, affiliates and any persons acting in concert with them from: i) copying, reproducing, publicly displaying, distributing, making derivative works or otherwise using any of the Works which are the subject of this Complaint; and ii) from otherwise infringing Simple Signman's exclusive rights in the Works;

(d)     An order requiring Defendants to deliver up for impoundment upon entry of judgment, all works, originals, advertisements, website content, web pages and other materials, whether electronic or otherwise, containing the Works, in whole or in part, and any other materials in their possession or under their control which contain or incorporate the Works;

(e)     Actual and consequential damages proximately caused by Defendants' actions including, without limitation, Defendants' profits, any damages sustained by Plaintiff and any other benefits derived by Defendants and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

(f)     Ordering Defendants to account to Simple Signman for all gains, profits, and advantages derived by Defendants by their infringement of Simple Signman copyrights or such damages as are proper, and since Defendants intentionally infringed Simple Signman] copyrights, for the maximum allowable statutory

damages for each violation;

(g)    Awarding Simple Signman its costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505;

(h)    Prejudgment interest and the costs of this action;

(i)    Requiring Defendants to file with this Court and serve on Plaintiff Simple Signman within thirty (30) days after the entry of an injunction in this cause, a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction; and

(j)    Such further relief as this Court deems proper.

## COUNT II
## Breach of Contract
## (against Defendant Devra Party Corp.)

45.    Plaintiff Simple Signman repeats and re-alleges the averments contained in paragraphs 1 through 39 above as though fully set forth herein.

46.    Through the actions described above, Simple Signman and Defendant Devra Party entered into contracts using the Ordering Process.

47.    During calendar year 2014, Simple Signman issued to Defendant Devra Party several purchase orders for the manufacture and shipment of its products. These include the following (collectively, the "Purchase Orders"):

| Purchase Order No. | Date | Amount |
|---|---|---|
| 12533 | 02/18/2014 | $5,400.00 |
| 12541 | 02/21/2014 | $4,719.00 |
| 12548 | 03/27/2014 | $9,282.00 |
| 12550 | 03/27/2014 | $7,587.90 |
| 12573 | 07/23/2014 | $1,419.00 |
| 12590 | 10/17/2014 | $10,224.00 |
| 12591 | 10/17/2014 | $15,092.10 |

48.     Copies of each of the Purchase Orders are attached hereto as Exhibit B.

49.     Defendant Devra Party accepted the Purchase Orders and agreed to timely ship the product and merchandise to enable Simple Signman to fulfill its outstanding orders with longstanding clients of Simple Signman.

50.     Following acceptance of the Purchase Orders, Defendant Devra Party experienced internal issues that prevented it from timely delivering the ordered products.  These issues resulted in delays and an inability of Defendant Devra Party to timely perform its obligations under the Purchase Orders.

51.     In addition, and contrary to the terms of the Purchase Orders, Defendant Devra Party attempted to hold Simple Signman hostage by refusing to fulfill its obligations under the Purchase Orders unless Simple Signman agreed to prepay for product and merchandise ordered.

52.     By failing to perform its obligations and fulfill the Purchase Orders, Defendant Devra Party breached its agreement(s) with Simple Signman.

53.     Defendant Devra Party also breached the agreement(s) by manufacturing more Ordered Products than authorized in the Purchase Orders, in order to sell unauthorized products in competition with Simple Signman.

54.     Simple Signman has suffered damages as a result of Defendant Devra Party's breaches.  As a result of the delays and failure to timely fulfill the Purchase Orders, Simple Signman was unable to fill orders for its customers and lost significant business and future orders and opportunities from those customers.

55.     Simple Signman has incurred legal fees and costs as a result of Defendant Devra Party's breaches.

56.     WHEREFORE, Simple Signman demands judgment against Devra Party for

-12-

damages, together with interest, costs and attorneys' fees, to the extent allowed by the contract or statute, and such other and further relief, at law or in equity, which this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

By:_____
Richard S. Vermut
Florida Bar No.: 0086746
Javan L. Grant
Florida Bar No.: 0799521
**ROGERS TOWERS, P.A.**
1301 Riverplace Boulevard, Suite 1500
Jacksonville, Florida 32207
(904) 398-3911 (phone)
(904) 396-0663 (facsimile)
rvermut@rtlaw.com
jgrant@rtlaw.com

ATTORNEYS FOR SIMPLE SIGNMAN SYSTEMS, INC.